IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENERAL CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) |
| REND LAKE RESORT INC and SHARON S. NOLTE, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

General Casualty Insurance Company ("General Casualty") brings this complaint seeking a declaration of the parties' rights and obligations under a contract of insurance and states as follows:

## NATURE OF THE SUIT

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

2. An actual and justiciable controversy exists between General Casualty and Rend Lake Resort Inc. This action will resolve a dispute as to whether a policy of insurance issued by General Casualty Insurance Company to Rend Lake Resort Inc. obligates General Casualty to defend or indemnify Rend Lake Resort Inc. in connection with a certain underlying lawsuit.

## PARTIES, JURISDICTION AND VENUE

3. General Casualty Insurance Company ("General Casualty") is a corporation organized under the laws of Wisconsin with its principle place of business in New York.

4. Defendant Rend Lake Resort Inc. ("Rend Lake") is a corporation organized under the laws of Illinois with its principle place of business in Illinois.

5. Defendant Sharon S. Nolte ("Nolte") is an individual and a resident of the State of Illinois. General Casualty seeks no relief against Nolte other than to bind her to the outcome of this declaratory judgment action.

6. The amount in controversy exceeds $75,000.00. The underlying lawsuit against Rend Lake resulted in a default judgment in the amount of $300,000. Rend Lake is seeking defense and indemnification in relation to the underlying suit, the cost of which exceeds $75,000.00.

7. There is complete diversity of the parties and the amount in controversy exceeds $75,000. Jurisdiction exists under 28 U.S.C. § 1332.

8. Venue is appropriate in this district. The events giving rise to the insurance coverage dispute all took place in this district. In addition, the insurance contract at issue in this action was issued to Rend Lake in this district.

## BACKGROUND

9. Rend Lake owns a resort in southern Illinois.

10. On July 14, 2014, Sharon S. Nolte was staying at the resort.

11. During her stay, Ms. Nolte allegedly slipped on an exterior stairway, fell and sustained injuries.

12. Ms. Nolte asserted a claim against Rend Lake based upon her alleged injuries. The claim was submitted to General Casualty.

13. General Casualty investigated the claim and determined that Rend Lake was not liable. General Casualty issued a liability denial to Ms. Nolte.

14. On June 29, 2015, Nolte filed a lawsuit captioned *Sharon S. Nolte v. Rend Lake Resort, Inc.,* Case No. 15-L-38 (Circuit Court of Franklin County) ("Nolte Lawsuit") seeking damages stemming from the July 14, 2014 incident.  A copy of the complaint filed in the Nolte Lawsuit is attached as **Exhibit 1**.

15. Rend Lake was served with the complaint but did not forward it to General Casualty or advise General Casualty of the lawsuit.

16. A default judgment in the amount of $300,000 was entered against Rend Lake on November 16, 2015.

17. General Casualty was advised of the lawsuit and the default judgment on or about December 22, 2015.

18. General Casualty retained counsel to represent Rend Lake and attempt to have the default judgment overturned.  Counsel filed a motion to have the default judgment set aside.  The motion was denied.

## GENERAL CASUALTY POLICY

19. General Casualty issued policy CC1 0445696 to Rend Lake Resort, Inc. as the named insured ("Policy").  The Policy contains a general liability coverage part with limits of liability of $1 million each occurrence and effective dates of February 1, 2014 to February 1, 2015.  Pertinent parts of the general liability portion of the Policy are attached as **Exhibit 2**.

## COUNT I
## DECLARATORY JUDGMENT - LATE NOTICE

20. General Casualty incorporates and re-alleges paragraphs 1-19 as if fully set forth herein.

21. The Policy contains the following language:

3

> a. *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
>
> > (1) *How, when and where the "occurrence" or offense took place;*
> > (2) *The names and addresses of any injured persons and witnesses; and*
> > (3) *The nature and location of any injury or damage arising out of the "occurrence" or offense.*
>
> b. *If a claim is made or "suit" is brought against any insured, you must:*
>
> > (1) *Immediately record the specifics of the claim or "suit" and the date received; and*
> > (2) *Notify us as soon as practicable.*
>
> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
>
> c. *You and any other involved insured must:*
>
> > (1) *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
> > (2) *Authorize us to obtain records and other information;*
> > (3) *Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and*
> > (4) *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*
>
> d. *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without or consent.*

22. Rend Lake is required under the Policy to provide timely notice to General Casualty of occurrences, claims or suits.

23. In addition, Rend Lake is required to immediately send General Casualty copies of any legal papers it receives.

24. Rend Lake is also prohibited from incurring any expense or assuming any obligation without General Casualty's consent.

25. Rend Lake was served with the complaint in the Nolte Lawsuit but did not advise General Casualty of the Nolte Lawsuit until after a default judgment was entered.

26. Rend Lake failed to provide immediate notice, or notice as soon as practicable, as required by its Policy.

27. By allowing the default judgment to be entered against it, Rend Lake has incurred liability without General Casualty's knowledge or consent.

28. Rend Lake breached its duties under the Policy and, therefore, there is no coverage under the Policy in relation to Nolte Lawsuit and the judgment entered therein.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, General Casualty respectfully requests this Honorable Court grant judgment in General Casualty's favor and enter an order declaring that:

a. General Casualty has no obligation under the Policy to defend Rend Lake in relation to the Nolte Lawsuit;

b. General Casualty has no obligation under the Policy to indemnify Rend Lake in relation to the Nolte Lawsuit;

c. Awarding General Casualty such other and further relief that is just in the circumstances.

Date: March 17, 2016

        Respectfully submitted,

        **GENERAL CASUALTY INSURANCE COMPANY**

        /s/ Dennis M. Dolan
        One of Their Attorneys

Dennis M. Dolan (A.R.D.C. #: 6229150)
Litchfield Cavo LLP
303 W. Madison Street
Suite 300
Chicago, IL 60606
Phone: (312) 781-6641 (Direct)
Fax: (312) 781-6630
dolan@litchfieldcavo.com